IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**TESSIE MARTINEZ** and **JOSE L.
MARTINEZ, Individually and as
Personal Representatives of the
ESTATE OF SANTIAGO
MARTINEZ, Deceased**,

      Plaintiffs,

  vs.                                  No. **CIV 04-0025 MCA/RHS**

**CORNELL CORRECTIONS OF TEXAS, INC.,**
a Texas Corporation; **LAWRENCE BARRERAS,**
Warden of the Santa Fe County Adult Detention
Center, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on ***Defendant George's Motion to Set Aside Clerk's Entry of Default*** [Doc. 34], filed April 23, 2004. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court finds that the motion is due to be granted.

## BACKGROUND

Karen George is a Registered Nurse and Certified Nurse Practitioner who, on July 3, 2001, was employed by Correctional Medical Services, Inc. ("CMS") at the Santa Fe County Adult Detention Center ("SFCADC"). [Doc. 34, Exh. D at 2]. George, who was on duty July 3, 2001, is also one of several defendants in the underlying lawsuit brought by Plaintiffs Tessie and Jose L. Martinez, alleging the wrongful death of Santiago Martinez on July 3,

2001 in his cell at the SFCADC. [See generally Doc. 1]. Plaintiffs' Amended Complaint, filed December 29, 2003 in state court, was removed January 7, 2004 to the United States District Court for the District of New Mexico. [See Doc. 1].

The record reflects that, on March 17, 2004, the Clerk of Court issued a summons for George and that she was personally served with process on March 20, 2004. [Dkt. Entry 25]. When George failed to appear in this action within the prescribed period of time, Plaintiffs moved for an entry of default pursuant to Fed.R.Civ.P. 55(a). [Docs. 27, 29]. On April 21, 2004, the Clerk entered a default as to George. [Doc. 31]. Thereafter, on April 22, 2004, Deborah D. Wells ("counsel") of Kennedy, Moulton & Wells, P.C., entered her appearance on George's behalf and, on April 23, 2004, George, through counsel, filed her Answer to Plaintiffs' First Amended Complaint.[1] [Docs. 32, 33]. Contemporaneously with the Answer, counsel filed ***Defendant George's Motion to Set Aside Clerk's Entry of Default*** [Doc. 34].

## ANALYSIS

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed.R.Civ.P. 55(a). "For good cause shown[,]" however, the Court may set aside an entry of default. Fed.R.Civ.P. 55(c). While the defaulting party bears the burden of demonstrating that the entry should be set aside, the

---

[1] The Answer was filed out of time and without leave of court. See Fed.R.Civ.P. 6(b).

decision to do so is committed to the sound discretion of the trial court, which is afforded significant latitude in making its determination. Nikwei v. Ross Sch. of Aviation, Inc., 822 F.2d 939, 941 (10th Cir. 1987).

An entry of default should not be confused with a default judgment, as the standards for securing relief from each differ. See 47 Am. Jur. 2d *Judgments* § 798 (1995). Indeed, as the Tenth Circuit has explained, "it is well established that the good cause required by Fed.R.Civ.P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed.R.Civ.P. 60(b)." Dennis Garberg & Assoc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 775 n.6 (10th Cir. 1997), *citing* Meehan v. Snow, 652 F.2d 274, 276 (2d Cir.1981) ("the standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b)."). The principal — though not exclusive — factors in determining whether a defendant has met the good-cause standard are whether (1) the default was the result of culpable conduct of defendant, (2) plaintiff would be prejudiced if the default were set aside, and (3) defendant has presented a meritorious defense. Porter v. Brancato, 171 F.R.D. 303, 304 (D.Kan.1997).

Keeping in mind that "[t]he preferred disposition of any case is upon its merits and not by default judgment[,]" the Court concludes that the Clerk's entry of default should be set aside. See Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970) (While "[t]he preferred disposition of any case is upon its merits and not by default judgment[, . . .] this

3

judicial preference is counterbalanced by considerations of social goals, justice and expediency."); see also Katzson Bros., Inc. v. U.S. E.P.A., 839 F.2d 1396, 1399 (10th Cir. 1988) ("default judgments are not favored by courts . . . ."). Applying the first of the above-listed factors to the facts of this case, the Court finds that the default was not due to the culpable or willful conduct of George. See United States v. Timbers Preserve, Routt County, Colo., 999 F.2d 452, 454 (10th Cir. 1993). Rather, according to counsel, as soon as she was served, George secured legal representation and began to prepare an Answer to Plaintiffs' Complaint. [Doc. 34 at 5]. Counsel asserts that she believed that George's Answer had been filed March 30, 2004, the date on which it was finalized. [Id. at 2-4, Exh. C]. While Plaintiffs question this assertion, they do not appear to argue that the failure to file the Answer in a timely manner resulted from anything other than counsel's inadvertence. [See Doc. 37 at 9; Doc. 34 at 4]. Consequently, Plaintiffs urge this Court to impute counsel's mistake to George, relying on Pioneer Inv. Servs. Co. v. Brunswick Assocs. P'ship, 507 U.S. 380 (1993). The Court declines to do so for the reason that Pioneer, in which an attorney's failure to file timely proofs of claim in bankruptcy proceedings was deemed attributable to his clients under the more rigorous "excusable neglect" standard, is distinguishable from the instant case. Pioneer Inv. Servs. Co., 507 U.S. at 397. To be sure, in a case involving procedural circumstances more similar to those present here, the Tenth Circuit upheld the district court's refusal to enter a default judgment where the delay in answering the complaint resulted from the inadvertence of counsel and was not due to bad faith. Grandbouche v. Clancy, 825 F.2d 1463, 1467-68 (10th Cir. 1987).

The Court finds that the remaining two factors also weigh in favor of setting aside the entry of default. Plaintiffs have been unable to settle their claims against George's employer, CMS, whose Answer is nearly identical to that of George. [See Doc. 34 at 2, 5-6; Doc. 37 at 5]. As Plaintiffs will be prosecuting their case against CMS, the Court finds they are unlikely to be prejudiced as a result of having to prove their case against George as well. See Walter E. Heller Western, Inc. v. Seaport Enter. Inc, 99 F.R.D. 36 (D.Or. 1983) (setting aside entry of default where plaintiff would be not prejudiced except insofar as it would then be required to defend its case on the merits). Finally, the Court finds that George's allegation that she was not the cause of Santiago Martinez's death, if true, would constitute a meritorious defense to Plaintiffs' claims.[2] [See Doc. 34, Exh. D at 2]. Accordingly, in light of the foregoing, the Court will grant George's motion to set aside the Clerk's entry of default. In so ruling, however, the Court notes that counsel for George filed their Answer to Plaintiffs' First Amended Complaint after the time allowed under the applicable rules. Counsel were not granted leave to file their Answer beyond the time permitted by the rules. While, as a result of the Court's ruling herein, George's Answer will be deemed filed as of April 23, 2004, counsel for George are reminded of their obligation to comply with the Federal Rules of Civil Procedure.

**IT IS, THEREFORE, ORDERED** that *Defendant George's Motion to Set Aside Clerk's Entry of Default* [Doc. 34] is **GRANTED**.

---

[2] For this part of her motion, George's version of the facts and circumstances supporting her defense are deemed to be true. See In re Stone, 588 F.2d 1316, 1319 (10th Cir. 1978).

**IT IS FURTHER ORDERED** that George's Answer to Plaintiffs' First Amended Complaint [Doc. 32] is deemed filed as of April 23, 2004.

**SO ORDERED** this  28th day of May, 2004, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge